IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 7, 2006

## STATE OF TENNESSEE v. JOSEPH EDWARD COLE

**Appeal from the Circuit Court for Gibson County
No. H 7565    Clayburn Peeples, Judge**

### No. W2005-01895-CCA-R3-CD  - Filed February 15, 2006

After a bench trial, the Defendant was convicted of burglary, a Class D felony, and theft of property under the value of five hundred dollars, a Class A misdemeanor. See Tenn. Code Ann. §§39-14-402, -103, -105(1).  After conducting a sentencing hearing, the Defendant was sentenced as a Range III, persistent offender to serve ten years in the Department of Correction for his burglary conviction. He received a concurrent sentence of eleven months and twenty-nine days in the county jail for his theft conviction.  In this appeal, the Defendant argues that the evidence is insufficient as a matter of law to support his convictions and that the trial court erred by ordering him to serve a mid-range sentence for the burglary conviction.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Rachele Scott, Trenton, Tennessee, for the appellant, Joseph Edward Cole.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Gary Brown, District Attorney General; and Edward L. Hardister, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The evidence presented at trial established that in March of 2004, the victim in this case, Ms. Dawn Petty, resided in the city of Humboldt.  At about 2:30 a.m. on March 24, 2004, Ms. Petty heard a noise outside her house.  Suspecting that there was a prowler around her house, she telephoned the police.

Officer Robert Ellis, a lieutenant with the Humboldt Police Department, testified that he received the report of a prowler at the Petty residence at approximately 3:19 a.m. He arrived at the residence within two minutes after the call was received. Lt. Ellis was in the backyard area of the residence when he heard a noise coming from the garage or outbuilding behind the residence. He approached the outbuilding and found the Defendant inside wrapped up in a piece of carpet. Near the doorway of the outbuilding he found a chainsaw, some electric hedge shears and a leaf blower. Ms. Petty identified these items as being her property. She testified that she kept these items in the outbuilding in a "back area that was walled off from the main area, so for those to have come forward, someone would have had to have dug them out from the very back of the garage and carried them to the front." She stated that no one had her permission to be in the outbuilding.

The Defendant testified that he took medication for HIV, and at the time he was found in Ms. Petty's outbuilding, he had also been taking sleeping pills. He stated that, "The pills make me drowsy and stuff and I was just wondering (sic) and I ended up in there, you know, wrapped up and going to sleep." He stated that he knew nothing about the items that were found near the doorway of the outbuilding. He explained that even though he lived "[j]ust around the corner" from the victim's residence, he was too tired and sleepy to make it back to his residence. The Defendant denied that he entered the building with the intent to steal anything.

On cross-examination, the Defendant stated that he did not recall how he got into the victim's building. He could not recall whether he made any noise that might have caused the victim to call the police. When asked about his prior convictions for burglary and aggravated burglary, the Defendant stated that he could not remember, saying "[m]y mind don't even go back that far. . . .my mind -- I take mind altering drugs is what I'm saying. It comes and goes."

At the conclusion of the proof, the trial court found the Defendant guilty of burglary of a building (not a habitation) and theft of property of a value under five hundred dollars. Following a subsequent sentencing hearing, the trial court determined the Defendant to be a Range III, persistent offender. For the Class D felony burglary conviction, the Defendant's sentencing range was between eight and twelve years. See Tenn. Code Ann. § 40-35-112(c)(4). Noting the Defendant's "significant criminal record," the trial court found that the Defendant should not be sentenced to the minimum in the range, and set his sentence mid-range at ten years to be served in the Department of Correction. For the misdemeanor theft offense, the trial court sentenced him to a concurrent term of eleven months and twenty-nine days in the county jail.

**ANALYSIS**

The Defendant appeals from his conviction and sentence, arguing that the evidence presented is insufficient to support a finding of guilt beyond a reasonable doubt and that his sentence is excessive.

## SUFFICIENCY OF THE EVIDENCE

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

As relative to this case, a person commits burglary when, without the effective consent of the property owner, the person enters a building other than a habitation, which is not open to the public, with the intent to commit theft. See Tenn. Code Ann. § 39-14-402(a)(1). A person commits theft when, with the intent to deprive the owner of property, a person exercises control over the property of another person without the owner's effective consent. See Tenn. Code Ann. § 39-14-103. From the evidence presented in this case, the trier of fact could reasonably find, beyond a reasonable doubt, that the Defendant entered the victim's outbuilding without her effective consent and moved items of the victim's property to the front entrance of the building in preparation for removing the items. The trial judge, as trier of fact, obviously discredited the Defendant's explanation that he had simply entered the building to go to sleep. We conclude that the evidence is sufficient to support the findings of the trier of fact of guilt of burglary and theft beyond a reasonable doubt. This issue has no merit.

**SENTENCING[1]**

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; and (f) any statement the defendant wishes to make in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210(b); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

Upon a challenge to the sentence imposed, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W. 2d 785, 789 (Tenn. Crim. App. 1991). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act, and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401 Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

For the Defendant's Class D felony conviction, the trial court determined the Defendant to be a Range III, persistent offender. See Tenn. Code Ann. § 40-35-107. The record supports this finding, and the Defendant does not argue otherwise. The Defendant does argue that the trial court did not make sufficient findings on the record to support enhancing the Defendant's sentence to ten years, which is mid-range. The Defendant also argues that this Court should modify the sentence to eight years, which is the minimum in the range. In addition, the Defendant argues that this Court should order a sentencing alternative to incarceration.

---

[1] Effective June 7, 2005, the legislature amended certain provisions of our sentencing laws. However, the Defendant's crimes in this case, as well as his sentencing, predate the effective date of these amendments. Our review in this case is in accordance with the statutes in effect at the time the crimes were committed.

At the time of sentencing, the Defendant was thirty-nine years old and single. In addition to having accumulated the five prior felony convictions necessary to establish his status as a persistent offender, the Defendant has numerous misdemeanor convictions including theft, assault, criminal impersonation, and DUI. Indeed, it appears that the Defendant has more than twelve separate theft convictions. In determining that the Defendant's sentence should be enhanced above the statutory minimum, the trial court commented on the Defendant's "significant criminal record." The pre-sentence report also reflects that the Defendant dropped out of high school following the tenth grade. The report sites a long history of illegal drug usage. It appears the Defendant has no history of steady employment. The Defendant's extensive record of criminal convictions and criminal behavior support and justify the enhancement of his sentence to the middle of his sentencing range. See Tenn. Code Ann. § 40-35-114(2) (2004).

Based upon our review of the record, we cannot conclude that the trial court erred by setting the Defendant's sentence at ten years to be served in the Department of Correction. This issue has no merit.[2]

The judgments of the trial court are affirmed.

_____
DAVID H. WELLES, JUDGE

_____

[2]We note that the State argues that, because the Defendant was sentenced as a Range III offender, "the trial court was mandated to sentence the Defendant to the maximum of twelve years." It appears that the State has mistakenly determined that the Defendant was sentenced as a "career offender" in which case the maximum sentence in Range III would be mandatory. However, it is clear from this record that the trial court found the Defendant to be a "persistent offender" which means that the Defendant could receive a sentence within Range III. See Tenn. Code Ann. § 40-35-107(c).